```
                IN THE UNITED STATES DISTRICT COURT
                     NORTHERN DISTRICT OF TEXAS
                          FORT WORTH DIVISION
```

NORTHERN DISTRICT OF TEXAS
FILED
JUN 15 2016
CLERK, U.S. DISTRICT COURT
By _____
       Deputy

| | |
|---|---|
| JMO PROPERTY, LLC, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | NO. 4:16-CV-074-A |
| § | |
| VRE CHICAGO ELEVEN, LLC, § | |
| ET AL., § | |
| § | |
| Defendants. § | |

## MEMORANDUM OPINION AND ORDER

Came on for consideration the motions for leave to designate responsible third parties filed by defendants, VRE Chicago Eleven LLC ("VRE"), Verdad Real Estate, Inc. ("Verdad"), Trivanta, LLC ("Trivanta"), Tartan Realty Group, Inc. ("Tartan"), and CBRE, Inc. ("CBRE"). VRE and Verdad (collectively the "Verdad defendants") and Trivanta and Tartan (collectively the "Tartan defendants") seek to have MJC Holdings 123, LLC ("MJC"), Frontier Star 1, LLC ("FS1"), Jason LeVecke ("LeVecke"), and Matt Langfield ("Langfield"), named as responsible third parties. CBRE seeks to have MJC, FS1, LeVecke, Langfield, and Barry R. Swan ("Swan"), named as responsible third parties. Having considered the motions, the response of plaintiff, JMO Property, LLC, defendants' replies, the record, and applicable authorities, the court has concluded that the motions for leave should be granted and that MJC, FS1, LeVecke, Langfield, and Swan, should be designated in this action as responsible third parties as

contemplated by section 33.004 of the Texas Civil Practice and Remedies Code.

I.

<u>Pertinent Parts of Chapter 33 of the Texas Civil Practice and Remedies Code</u>

Under Chapter 33 of the Civil Practice and Remedies Code:

> (a) The trier of fact, as to each cause of action asserted, shall determine the percentage of responsibility, stated in whole numbers, for the following persons with respect to each person's causing or contributing to cause in any way the harm for which recovery of damages is sought whether by negligent act or omission, by any defective or unreasonably dangerous product, by other conduct or activity that violates an applicable legal standard, or by any combination of these:
>
>> (1) each claimant
>>
>> (2) each defendant
>>
>> (3) each settling person; and
>>
>> (4) each responsible third party who has been designated under Section 33.004.

Tex. Civ. Prac. & Rem. Code Ann. §§ 33.003(a).

The parts of § 33.004 that are pertinent to defendants' motions and plaintiff's opposition are as follows:

> (a) A defendant may seek to designate a person as a responsible third party by filing a motion for leave to designate that person as a responsible third party . . . .
>
> (g) If an objection to the motion for leave is timely filed, the court shall grant leave to designate

2

the person as a responsible third party unless the objecting party establishes:

    (1) that the defendant did not plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirement of the Texas Rules of Civil Procedure; and

    (2) After having been granted leave to replead, the defendant failed to plead sufficient facts concerning the alleged responsibility of the person to satisfy the pleading requirements of the Texas Rules of Civil Procedure.

(h) By granting a motion for leave to designate a person as a responsible third party, the person named in the motion is designated as a responsible third party for purposes of this chapter without further action by the court or any party.

Tex. Civ. Prac. & Rem. Code Ann. §§ 33.004(a), (g), and (h).

II.

Plaintiff's Complaint

Plaintiff initiated this action on January 28, 2016, by filing an original complaint. This action arises from plaintiff's purchase of a property upon which a Kentucky Fried Chicken restaurant was operated (the "Property"). Plaintiff retained CBRE to locate income producing properties, one of which was the Property. Verdad sold plaintiff the Property through one of its subsidiaries, VRE. The Tartan defendants marketed the Property for the Verdad defendants.

3

The basis of plaintiff's claims is that defendants misrepresented various information about the Property, particularly information regarding the Verdad defendants' lease with MJC, an entity controlled by LeVecke and FS1. MJC ultimately was unable to pay rent on the Property and plaintiff was forced to evict MJC. Plaintiff alleges fraudulent inducement-misrepresentations, fraudulent inducement - omissions, negligent misrepresentations - affirmative statements, and negligent misrepresentations - omissions against the Verdad and Tartan Defendants. Plaintiff alleges breach of contract against the Verdad defendants. Plaintiff alleges breach of contract and negligence against CBRE.

### III.

### The Motion for Leave

Defendants filed their motions to designate responsible third parties because the misrepresentations alleged by plaintiff, including materials and financials provided to plaintiff in connection with the sale, were allegedly based on information provided to defendants by MJC, FS1, LeVecke, and Langfield. CBRE moved to also designate Swan, plaintiff's attorney in the underlying transaction, as a responsible third party because plaintiff claims that CBRE failed to provide assistance in negotiation and failed to conduct adequate due

4

diligence, but Swan was allegedly entirely responsible for editing, reviewing, and otherwise negotiating the agreement. Defendants have set forth in their motions sufficient facts to demonstrate that, if true, the actions and/or omissions of MJC, FS1, LeVecke, Langfield, and Swan, caused or contributed to cause the harms alleged by plaintiff in support of plaintiff's claims against defendants.

IV.

Plaintiff's Objections to Defendants' Motions

Plaintiff argues that as to all defendants' motions, § 33.004 of the Texas Civil Practice and Remedies Code does not apply to breach of contract claims and in the case of the Verdad and Tartan defendants § 33.004 does not apply to claims for punitive damages. Plaintiff also argues that § 33.004 doesn't apply to the fraudulent misrepresentation claims asserted against the Verdad and Tartan defendants because they are jointly and severally liable with the parties they seek to designate as responsible third parties. As to CBRE and the Tartan defendants, plaintiff argues that Texas law does not apply, thus, the Texas statute allowing a third party to be designated as responsible may not be invoked. In addition, plaintiff claims that all defendants have failed to allege sufficient facts to show that

the proposed designated third parties caused or contributed to plaintiff's injuries.[1]

V.

Analysis

Under Texas law, leave to designate a responsible third party, "shall be granted unless a defendant did not plead sufficient facts concerning the alleged responsibility of the third party . . . ." Eisenstadt v. Tel. Elecs. Corp., 3:06-CV-1196-O, 2008 WL 4452999, at *2 (N.D. Tex. Sept. 30, 2008) (citations omitted). The court finds that plaintiff has not shown that defendants failed to plead sufficient facts to demonstrate the responsibility of the proposed third-parties. Defendants' motions set forth facts indicating that MJC, FS1, LeVecke, and Langfield, provided materials and financials upon which defendants relied and form the basis of plaintiff's claims against defendants. Doc. 35 at 4-5; Doc. 37 at 2; Doc. 39 at 3-4. As to Swan, CBRE alleges that he "was entirely responsible for reviewing, editing, and otherwise negotiating the agreement of which Plaintiff now complains." Doc. 39 at 4. Defendants also cite plaintiff's own allegations that MJC, FS1, and LeVecke caused or contributed to plaintiff's damages. See Einsenstadt,

---

[1] The court only addresses plaintiff's arguments that are pertinent to defendants' motions.

2008 WL 4452999, at * 3 (allowing defendant to use plaintiff's complaint in support of a motion for leave to designate a responsible third party); Doc. 1; Doc. 37 at 1-2; Doc. 39 at 4.

Section 33.004 applies when a defendant is sued in tort or under the DTPA. Tex. Civ. Prac. & Rem. Code Ann. § 33.002. Defendants may not designate a responsible third party with respect to a contract claim. Tex. Civ. Prac. & Rem. Code Ann. § 33.002; see Strickland v. Buffalo Wild Wings, Inc., 3:14-CV-4252-B, 2015 WL 4269968 (N.D. Tex. July 14, 2015); Nels Cary, Inc. v. Day, No. 3:07-CV-0832-D, 2008 WL 631242, at *1 (N.D. Tex. Feb. 29, 2008). In addition, the punitive damages claims against the Verdad and Tartan defendants are outside the scope of § 33.004. See Eisenstadt, 2008 WL 4452999, at *2.

For the reasons given above, the court is not persuaded that there is any reason why defendants should not be permitted to designate MJC, FS1, LeVecke, and Langfield, and CBRE be able to also designate Swan, as responsible third parties in this action with respect to plaintiff's tort claims.

V.

Order

Therefore,

The court ORDERS that defendants' motions to designate MJC, FS1, LeVecke, and Langfield, and CBRE's motion to also designate

7

Swan, be, and are hereby, granted, and the court deems that such a designation has occurred.

SIGNED June 15, 2016.

_____
JOHN McBRYDE
United States District Judge